JACOBUS, J.
Andrew Wilcox appeals from an order denying his motion for relief from a judgment that placed a lien on his prisoner’s trust account for the collection of court costs arising out of his criminal conviction. Wilcox contends there is no statutory basis for the imposition of the lien. We agree and reverse.
The trial court’s order found that the lien was permissible under section 775.089, Florida Statutes. However, the court appears to have erred in relying upon this section, which deals with restitution,[1] be *879 cause nothing in the court’s order imposing costs on Wilcox involves restitution. Further, the State has failed to cite to any statute that would allow for a lien on a prisoner’s trust account for the collection of court costs.
Section 938.27(5), Florida Statutes, which controls the collection of court costs after default, provides that “[a]ny default in payment of costs may be collected by any means authorized by law for enforcement of a judgment.” The State is no different than any other judgment creditor and has other statutory remedies to collect its money. However, it does not have the right to impose a lien on a prisoner’s trust account based on the facts of this case.
Therefore, the court erred by imposing the lien on Wilcox’s trust account and the order of the court is vacated and reversed. The lien on the prisoner’s trust account shall be removed.
VACATED and REVERSED with instructions.
TORPY and EVANDER, JJ., concur.

. See Connor v. State, 944 So.2d 488, 492 (Fla. 5th DCA 2006) (Sawaya, J., concurring) (explaining that section 775.089 was enacted "to make payment of restitution to crime victims mandatory unless clear and compelling reasons exist to justify nonpayment”).